UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| HECTOR DIAZ and ALBERTO OLMEDA, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>           Plaintiffs,<br><br>v.<br><br>AM BROADBAND, LLC,<br><br>           Defendant | C.A. No. 2006-30051-KPN |

## COMPLAINT

### Count I

### FLSA Collective Action Claims

1. Defendant has since at least April 4, 2003, willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), by failing to pay Plaintiffs Alberto Olmeda ("Olmeda") and Hector Diaz ("Diaz"), and all other persons employed by it as Cable Technicians, time and one-half their regular rate of pay for all hours worked in excess of forty per week.

2. This action is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiffs and all other persons who are or have been employed by Defendant anywhere in the United States as Cable Technicians between April 4, 2003 and the date of final disposition of this action (the "FLSA Class Period").

3.  Plaintiffs and all similarly situated Cable Technicians are hereinafter referred to collectively as "the FLSA Class." The members of the FLSA Class are similarly situated because they all perform the same basic duties and assignments, and are all subject to the Defendant's common policy and practice of refusing to pay Cable Technicians overtime compensation for all hours worked over forty in any given workweek.

### Jurisdiction and Venue

4.  This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b). The Plaintiffs are residents of this district, and Defendant regularly conducts business in this district. In addition, a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

6.  Defendant is engaged is interstate commerce.

### Parties

7.  Plaintiff Diaz is a resident of Holyoke, Massachusetts. Between January 3, 2005 and June 8, 2005, the Defendant employed him as a Cable Technician.

8.  Plaintiff Olmeda is a resident of Springfield, Massachusetts. Between January 23, 2001 and October 5, 2005, the Defendant employed him as a Cable Technician.

9.  On information and belief, Defendant is a Connecticut Limited Liability Company with usual places of business in West Springfield and Chicopee. Since at least April 4, 2003, Defendant has regularly transacted business in Massachusetts within this district.

### Individual Allegations

10. During the FLSA Class Period, Defendant was engaged in the business of providing Cable Technicians to Comcast Corporation, Charter Communications, Inc., and Time Warner,

2

Inc. in Massachusetts and across the nation for those respective companies' telephone, cable and internet activation and installation services.

11. During the FLSA Class Period, the Plaintiffs' duties included but were not limited to the activation and installation of residential telephone, cable and internet equipment and services.

12. Plaintiffs would report daily to either or both of the Defendant's offices in West Springfield or Chicopee. Each morning Plaintiffs would receive a list of assignments for work orders or installations to be performed during that day.

13. At each customer location, Plaintiffs would perform the necessary cable, phone or internet activation or installation as detailed in their work orders. Plaintiffs were required by the Defendant to complete a work order for each assignment, which included, among other things, the customer's information and the work performed. In addition, Plaintiffs were required to complete a weekly time sheet that listed the number of hours worked by them.

14. Plaintiff Diaz exercised little, if any, discretion or independent judgment in carrying out his duties for Defendant.

15. Plaintiff Olmeda exercised little, if any, discretion or independent judgment in carrying out his duties for Defendant.

16. Plaintiff Diaz did not supervise two or more persons. Plaintiff had no management or administrative responsibilities, as he was responsible only for his own work.

17. Plaintiff Olmeda did not supervise two or more persons. Plaintiff had no management or administrative responsibilities, as he was responsible only for his own work.

18. The duties of Plaintiff Diaz did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

19. The duties of Plaintiff Olmeda did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

20. The primary duties of Plaintiff Diaz did not consist of either performance of office or managerial work directly related to Defendant's management policies or general business operations or those of its clients.

21. The primary duties of Plaintiff Olmeda did not consist of either performance of office or managerial work directly related to Defendant's management policies or general business operations or those of its clients.

22. While engaged in the activation and installation of residential telephone, cable and internet equipment and services, Plaintiffs Diaz and Olmeda performed manual labor.

23. Defendant was at all relevant times an "employer" of the Plaintiffs as that term is defined in 29 U.S.C. §203(d).

24. During the FLSA Class Period, Plaintiff Diaz was paid on a piecework basis. Although his hours varied, he typically worked more than forty hours per week. He was not paid overtime wages at the rate of one and one-half times his regular rate of pay as required by the FLSA and applicable state laws. Plaintiff Diaz was not exempt from the overtime provisions of the FLSA or any applicable state laws.

25. During the FLSA Class Period, Plaintiff Olmeda was paid on a piecework basis. Although his hours varied, he typically worked more than forty hours per week. He was not paid overtime wages at the rate of one and one-half times his regular rate of pay as required by the FLSA and applicable state laws. Plaintiff Olmeda was not exempt from the overtime provisions of the FLSA or any applicable state laws.

26. During the FLSA Class Period, Defendant was aware of the duties performed by Plaintiffs Diaz and Olmeda. Defendant also was aware that the duties of Plaintiffs Diaz and Olmeda were inconsistent with exempt status and that they were not exempt from the overtime provisions of the FLSA.

27. Annexed hereto as Exhibit A is a written consent to the filing of this Complaint duly executed by Plaintiff Diaz pursuant to 29 U.S.C. §216(b).

28. Annexed hereto as Exhibit B is a written consent to the filing of this Complaint duly executed by Plaintiff Olmeda pursuant to 29 U.S.C. §216(b).

### FLSA Collective Action Allegations

29. While the exact number of members of the FLSA Class is unknown to Plaintiffs at the present time, Plaintiffs believes that at least several hundred similarly situated persons are or have been employed by Defendant as Cable Technicians since April 4, 2003. Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class.

30. The duties, authority, responsibilities, and business activities of the FLSA Class Members were essentially the same as the duties, authority, responsibilities and activities of the Plaintiffs described above in paragraphs 11 through 13. At all times during the FLSA Class Period, all of the FLSA Class Members were paid in the same manner and under the same standard employment procedures and practices as the Plaintiffs.

31. The FLSA Class Members exercised little, if any, discretion or independent judgment in carrying out their duties for Defendant.

32. The FLSA Class Members did not supervise two or more persons. The FLSA Class Members had no management or administrative responsibilities, as they were responsible only for their own work.

33. The duties of the FLSA Class Members did not require knowledge of an advanced type in a filed of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

34. The primary duties of the FLSA Class Members did not consist of either performance of office or managerial work directly related to Defendant's management policies or general business operations or those of its clients.

35. While engaged in the activation and installation of residential telephone, cable and internet equipment and services, the FLSA Class Members performed manual labor.

36. Defendant was at all relevant times an "employer" of the FLSA Class Members as that term is defined in 29 U.S.C. §203(d).

37. At all times during the FLSA Class Period, all of the members of the FLSA Class were paid in the same manner and under the same standard employment procedures and practices as Plaintiffs Diaz and Olmeda.

38. During the FLSA Class Period, the FLSA Class Members were paid on a piecework basis. Although their hours varied, they typically worked more than forty hours per week. They were not paid overtime wages at the rate of one and one-half times their regular rate of pay as required by the FLSA and applicable state laws.

39. Defendant was aware of the duties performed by the members of the FLSA Class during the FLSA Class Period. Defendant was also fully aware that the FLSA Class Members were not exempt from the overtime provisions of the FLSA.

40. Plaintiffs are currently unaware of the identities of all the members of the FLSA Class.

41. By its conduct, as set forth herein, the Defendant violated 29 U.S.C. §207(a) by failing to pay the Plaintiffs and the FLSA Class Members one and one-half times their regular rate of pay for hours worked in excess of forty during each workweek.

42. The Defendant's violations of 29 U.S.C. §207(a) were willful, repeated and intentional.

43. The Plaintiffs and the FLSA Class Members have been damaged by said violations of 29 U.S.C. §207(a).

44. Pursuant to 29 U.S.C. §207(a) and §216(b), the Defendant is liable to the Plaintiffs and the FLSA Class Members for the full amount of their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys' fees and costs.

## Count II

## Massachusetts State Law Claims

45. Plaintiffs Diaz and Olmeda hereby incorporate and reallege the allegations contained in paragraphs 1 through 44, above.

46. In this Count, Plaintiffs Diaz and Olmeda bring a separate cause of action pursuant to Mass. G. L. c. 151, §§1A, 1B and Fed. R. Civ. P. 23 on behalf of all persons who worked for Defendant as Cable Technicians in Massachusetts between April 4, 2004, and the date of final resolution of this action (the "Rule 23 Class Period").

47. Mass. G. L. c. 151, §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by G. L. c. 151, §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

48. During the Rule 23 Class Period, the Defendant has violated Massachusetts law by failing to pay Plaintiffs Diaz and Olmeda one and one-half times their regular rates of pay for all hours in excess of forty hours which they worked within a workweek.

49. Pursuant to Fed. R. Civ. P. 23, Plaintiffs Diaz and Olmeda bring this claim under Massachusetts law on behalf of themselves and on behalf of all others employed by the Defendant as Cable Technicians during the Rule 23 Class Period. Plaintiffs and all such similarly situated persons are hereinafter referred to collectively as "the Massachusetts Class." The members of the Massachusetts Class are similarly situated because they all perform the same basic duties and assignments, and all are subject to the Defendant's common policy and practice, implemented throughout the Commonwealth of Massachusetts, of failing to pay its Cable Technicians overtime compensation in violation of Mass. G. L. c. 151, §1A.

### Jurisdiction

50. This Court has jurisdiction over Count II pursuant to 28 U.S.C. §1367.

### Massachusetts Claim Allegations

51. The duties of the Massachusetts Class were essentially the same as the duties and activities of Plaintiffs Olmeda and Diaz that are described above. At all times during the Rule 23 Class Period, all members of the Massachusetts Class were paid in the same manner and under the same standard employment procedures and practices as said Plaintiffs.

52. Plaintiffs Diaz and Olmeda and the members of the Massachusetts Class were all subject to the same unlawful policy or plan of the Defendant under which the Defendant refused to pay its Cable Technicians overtime compensation for any hours worked over forty in a given workweek in violation of Mass. G. L. c. 151, §1A.

53. During the Rule 23 Class Period, the Defendant was aware of the duties performed by Plaintiffs Diaz and Olmeda and the Massachusetts Class within the Commonwealth.

Defendants also were fully aware that the duties of said Plaintiffs and the members of the Massachusetts Class were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of Mass. G. L. c. 151, §1A.

54. By its conduct, as set forth herein, the Defendant violated Mass. G. L. c. 151, §1A by failing to pay Plaintiffs Diaz and Olmeda and the Massachusetts Class one and one-half times their regular rate of pay for hours worked in excess of forty during each workweek.

55. The Defendant's violations of Mass. G. L. c. 151, § 1A were repeated, willful and intentional.

56. Plaintiffs Diaz and Olmeda and the Massachusetts Class have been damaged by said violations of Mass. G. L. c. 151, §1A.

57. Pursuant to Mass. G. L. c. 151, §§1A, 1B, Defendant is liable to Plaintiffs and the members of the Massachusetts Class for three times their unpaid overtime compensation, plus their attorneys' fees and costs.

### Massachusetts Class Action Allegations

58. Plaintiffs are currently unaware of the identities of all the members of the Massachusetts Class. On information and belief, at least 40 persons have worked for Defendant as a Cable Technician in Massachusetts during the Rule 23 Class Period and would therefore be members of the Massachusetts Class. For this reason, joinder of all members of the Massachusetts Class would be impracticable.

59. There are numerous questions of law and fact, such as the duties of the members of the Massachusetts Class and whether such duties are inconsistent with exempt status under Mass. G. L. c. 151, §1A.

60. The claims of Plaintiffs Diaz and Olmeda are typical of the claims of the Massachusetts Class because each such Class Member was unlawfully classified as exempt from

the overtime laws while having the same job duties that were inconsistent with exempt status. The Defendant's presumed defense that Plaintiffs and members of the Massachusetts Class were properly classified as exempt will be the same for each individual and will not turn on any individual differences in such person's job duties.

61. Plaintiffs Diaz and Olmeda have retained counsel experienced in class action litigation and, in particular, in litigating claims under Federal and Massachusetts overtime statutes. With the advice of counsel, the Plaintiffs will fairly and adequately protect the interests of the Massachusetts Class.

62. The prosecution of separate actions against the Defendant under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to Plaintiffs Diaz and Olmeda and the individual members of the Massachusetts Class that would establish incompatible standards of conduct for the Defendant. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the Massachusetts Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

63. Questions of law or fact common to the members of the Massachusetts Class predominate over any question affecting only individual members of that Class. A class action, therefore, is superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question of whether exemption from the Massachusetts overtime laws was appropriate are common to all members of the Massachusetts Class. Facts that may not be common to this Class are immaterial to resolving the common legal question of whether the Defendant's refusal to pay overtime compensation to the Massachusetts Class was correct. Common issues predominate over any individual questions. There will be no difficulty in managing the case as a class action.

## Claims for Relief

Wherefore, Plaintiffs respectfully request that the Court:

A. Declare Count I of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct the Defendant to provide the Plaintiffs with lists of all persons employed by it as Cable Technicians during the FLSA Class Period, including the last known address and telephone number of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Determine the damages sustained by the Plaintiffs and members of the FLSA Class as a result of the Defendant's violations of 29 U.S.C. §207(a), and award those damages against the Defendant and in favor of the Plaintiffs and all members of the FLSA Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

C. Award Plaintiffs and the members of the FLSA Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law;

D. Grant Plaintiffs and the members of the FLSA Class such other and further relief as the Court may deem just and proper;

E. Declare Count II of this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23;

F. Under Count II, determine the damages sustained by Plaintiffs Diaz and Olmeda and the members of the Massachusetts Class as a result of the Defendant's violations of Mass. G. L. c. 151, §§1A and 1B and award treble damages against the Defendant and in favor of said

Plaintiffs and all the members of the Massachusetts Class, and such interest as may be allowed by law;

G.  Award Plaintiffs and the members of the Massachusetts Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

H.  Grant Plaintiffs and the members of the Massachusetts Class such other and further relief under Massachusetts law as the Court may deem just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

By their attorneys,

*/s/ Thomas V. Urmy, Jr.*
Thomas V. Urmy, Jr. (BBO# 506620)
Todd S. Heyman (BBO# 643804)
Adam M. Stewart (BBO#661090)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, Massachusetts 02109
Tel:   (617) 439-3939
Fax:   (617) 439-0134

*/s/ Jeffrey S. Morneau*
Jeffrey S. Morneau, Esquire (BBO# 643668)
DONOHUE, HYLAND & DONOHUE, P.C.
1707 Northampton Street
Holyoke, Massachusetts 01040
Tel:   (413) 536-1977
Fax:   (413) 538-7138

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| **HECTOR DIAZ and ALBERTO OLMEDA, Individually and on Behalf of All Other Persons Similarly Situated,**<br><br>　　　　　　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**AM BROADBAND, LLC,**<br><br>　　　　　　　　　　**Defendant** | C.A. No. 2006- |

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. § 216(b), I consent to act as plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

Dated: March 30, 2006

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Hector Diaz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| **HECTOR DIAZ and ALBERTO OLMEDA, Individually and on Behalf of All Other Persons Similarly Situated,** | |
| **Plaintiffs,** | C.A. No. 2006- |
| v. | |
| **AM BROADBAND, LLC,** | |
| **Defendant** | |

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. § 216(b), I consent to act as plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

Dated: March 29, 2006

_____
Alberto Olmeda