UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERTO OLMEDA,
Individually and on Behalf of All Other
Persons Similarly Situated,

Plaintiff,

v.                                        C. A. No. 06-30051-KPN

AM BROADBAND, LLC,

Defendant.

## STIPULATION AND SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED, by and between Plaintiff Alberto Olmeda and Defendant

AM Broadband, LLC, subject to the approval of the Court, that this class action is hereby

compromised and settled pursuant to the terms and conditions set forth below in this Stipulation

and Settlement Agreement.

Defined Terms

1.      "Action" means the action entitled Alberto Olmeda  v. AM Broadband, LLC,

C.A. No. 06-30051-KPN, pending in the United States District Court for the District of

Massachusetts.

2.      "Class Period" means the period between August 10, 2005 and June 5, 2008

3.      "Complaint" means the Second Amended Complaint filed in the Action on March

7, 2007.

4.      "Court" means the United States District Court for the District of Massachusetts.

5.      "Defendant" means AM Broadband, LLC, a Florida limited liability company

located at 5066 N. Hiatus Road, Sunrise, FL 33351.

6.      "Defendant's Counsel" means Bacon Wilson, P.C., 33 State Street, Springfield,

MA 01103.

7.      "Effective Date" means the later of (a) the date of final resolution of any appeal from the Settlement Order and Judgment; or (b) if no appeal is filed, the expiration of the period for filing of any such appeal.

8.      "Fee Award" means such award of fees as the Court may authorize to be paid to Plaintiff's Counsel for the services they rendered to the Plaintiff and the Settlement Class in the Action.

9.      "Final Approval" means that the Settlement Order and Judgment has been entered and the Court has awarded its Fee Award, Incentive Award, and Out-of-Pocket Costs, if any.

10.     "Final Approval Hearing" means a hearing held before the Court to consider the Final Approval of the Settlement, the merits of any objections to the Stipulation and the Settlement, whether and in what amount any Incentive Award shall be awarded to the Plaintiff, whether and in what amount any Fee Award should be awarded to Plaintiff's Counsel, and whether and in what amount Out-of-Pocket Costs should be awarded to Plaintiff's Counsel and/or the Settlement Administrator.

11.     "FLSA Plaintiffs" means all individuals, other than Massachusetts Class Members, who worked for Defendant during the Class Period as a Cable Technician and who filed a Consent to Act as Opt-In Plaintiff in the Action.

12.     "Incentive Award" means such award as the Court may authorize to be paid to the Plaintiff in recognition of his efforts in obtaining the benefits of the Settlement for the Settlement Beneficiaries.

13.     "Massachusetts Class Member(s)" or "Massachusetts Class" means Plaintiff and all other individuals who worked for Defendant during the Class Period as a Cable Technician

within the Commonwealth of Massachusetts.

14.     "Objection Deadline" means the date 45 days following the date on which the Settlement Administrator mails the Settlement Notice to the Massachusetts Class Members and the FLSA Plaintiffs.

15.     "Opt-Out Deadline" means the date 45 days following the date on which the Settlement Administrator mails the Settlement Notice to the Massachusetts Class Members and the FLSA Plaintiffs.

16.     "Out-of-Pocket Costs" means:

    a.  all reasonable costs and expenses incurred by Plaintiff's Counsel in prosecuting the Action; and

    b.  the fees and costs of the Settlement Administrator (including taxes due on interest earned by the Settlement Fund).

17.     "Parties" means Plaintiff Alberto Olmeda and Defendant AM Broadband, LLC.

18.     "Plaintiff" means Alberto Olmeda, an individual residing at 99 Littleton Street, Springfield, MA 01104.

19.     "Plaintiff's Counsel" means Shapiro Haber & Urmy LLP, 53 State Street, Boston, MA 02109; and Donohue, Hyland & Donohue P.C., 1770 Northampton Street, Holyoke, MA 01040.

20.     "Preliminary Approval" means that the Court has entered an order substantially in the form attached hereto as Exhibit B, preliminarily approving the terms and conditions of this Stipulation, including the manner of providing notice to the Massachusetts Class Members and the FLSA Plaintiffs and the administration of the Settlement.

21.     "Released Claims" means all claims, demands, rights, liabilities, and causes of

action of every nature and description whatsoever that existed on June 6, 2008 or prior thereto, whether known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule, or regulation including state wage and hour laws, whether for economic damages, noneconomic damages, restitution, penalties, or liquidated damages (i) that are included in this Action; and/or (ii) that Defendant did not pay such persons all overtime or any other form of compensation they were owed for work performed by the such persons for Defendant prior to June 6, 2008; and/or (iii)  that Defendant violated Massachusetts, New York, Connecticut, Arkansas, or Maryland wage and hour law or the Fair Labor Standards Act ("FLSA") prior to June 6, 2008.  As defined herein, the Released Claims include unknown claims that the Massachusetts Class Members or the FLSA Plaintiffs do not know or suspect to exist in their favor at the time of the release, which if known to them, might have affected their settlement with, and release of, the Defendant and might have affected their decision to participate, or not to object, to this Settlement.  The Massachusetts Class Members and the FLSA Plaintiffs stipulate and agree that upon the Effective Date, they shall be deemed to have, and by operation of the Settlement Order and Judgment shall have, expressly waived and relinquished, to the full extent permitted by law, any Released Claims.

The Massachusetts Class Members and the FLSA Plaintiffs further stipulate and agree to release all claims, demands, rights, liabilities, and causes of action to the extent permitted by law that existed between June 6, 2008 and Final Approval, based upon Defendant's representation that it has been and remains in compliance with all relevant federal and state laws pertaining to their employment of the Settlement Beneficiaries from June 6, 2008 to the present.

The Released Claims do not include any claims, demands, rights, liabilities, and causes of action that are currently pending in any other judicial or administrative proceeding.

4

22.    "Settlement" means the terms and conditions set forth in this Stipulation and Settlement Agreement.

23.    "Settlement Administrator" means Simpluris, Inc., 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626; provided, the identity of the Settlement Administrator may be changed with the written consent of the Parties.

24.    "Settlement Award" means the amount that a Settlement Beneficiary is entitled to receive from the Settlement Fund after deduction of all Out-of-Pocket Costs, Fee Award, and Incentive Award authorized by the Court.

25.    "Settlement Beneficiaries" means:

   a.  Plaintiff; and

   b.  All other Massachusetts Class Members or FLSA Plaintiffs who do not opt out of the Settlement in the manner provided in this Stipulation.

26.    "Settlement Fund" means the total of $845,000.00 to be paid by Defendant pursuant to the terms of this Stipulation, plus any interest earned on this amount following the date of payment.

27.    "Settlement Notice" means a notice to the FLSA Plaintiffs and Massachusetts Class Members describing the Settlement, including its application and effect, the amounts of any proposed Incentive Award and Fee Award, and the opportunity to object or opt-out of the Settlement, substantially in the form as Exhibit A attached hereto or in such other form as may be approved by the Court.  Each Settlement Notice shall include an insert for each FLSA Plaintiff and Massachusetts Class Member stating their dates of employment and the state(s) they worked in during the Class Period, based on the information provided by Defendant to Plaintiff's Counsel, and directing them to contact the Settlement Administrator to challenge any

5

inaccuracies with respect to that information.

28.     "Settlement Order and Judgment" means an order and judgment issued by the Court, in substantially the form attached hereto as Exhibit C, approving the Settlement and this Stipulation as binding upon the Parties and the Settlement Beneficiaries and dismissing the Complaint with prejudice.

29.      "Stipulation" or "Agreement" means this Stipulation and Settlement Agreement.

Procedural History

30.     Plaintiff Alberto Olmeda originally filed this Action along with Hector Diaz as a collective and class action on April 4, 2006.  On April 19, 2006, Plaintiff and Mr. Diaz filed an Amended Complaint, and Defendant filed an Answer to the Amended Complaint, denying all liability.  On March 7, 2007, Plaintiff filed a Second Amended Complaint, which removed Mr. Diaz as a plaintiff based on his individual settlement with Defendant.  On March 23, 2007, Defendant filed its Answer to the Second Amended Complaint and denied all liability.  The current complaint seeks overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), as well as Massachusetts law, M.G.L c. 151 § 1A.

31.     This case primarily concerns the application of the motor carrier exemption under the FLSA, which makes the overtime provision of the FLSA inapplicable to those employees "with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act [of] 1935." 29 U.S.C. § 213(b)(1).  As a result, the litigation has centered primarily on the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"), Pub. L. No. 109-59, 119 Stat 1144, which became effective on August 10, 2005, and the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"), Pub. L. No. 110-244, 122 Stat.

1572 (2008), which became effective June 6, 2008, because those laws amended the scope of the jurisdiction of the Secretary of Transportation.

32.     The Parties undertook detailed discovery which included service of and responses to interrogatories, production of documents, and depositions of both the Plaintiff and Defendant. As of the date of this Settlement, discovery was ongoing.

33.     On November 5, 2007, the Court entered summary judgment as to liability under the FLSA in favor of the Plaintiff.  On December 28, 2007, notice was sent to all Cable Technicians who worked for Defendant since August 10, 2005, notifying them of the lawsuit and their ability to opt into the lawsuit and assert overtime claims under the FLSA against the Defendant.  One-hundred and thirty-four people, including the Plaintiff, opted in to the lawsuit by filing a Consent to Act as Opt-In Plaintiff in the Action.

34.     In June 2008, the Parties agreed to mediate the case.  Following the production of some documents by Defendant in response to an Order by the Court to do so, the Parties participated in a mediation with Magistrate Judge Timothy Hillman on April 27, 2009, which proved unsuccessful.  Following mediation, the Court conducted a status conference on May 1, 2009, and set a briefing schedule for discrete motion practice, including (i) a motion to amend the complaint to add state law claims for the FLSA Plaintiffs who worked in New York, Maryland and Connecticut during the Class Period and to add the owners of the company as defendants, (ii) a motion for class certification concerning the Massachusetts Class, and (iii) motions for summary judgment concerning (a) the legality of the compensation system implemented by Defendant on March 18, 2007, and (b) the effect, if any, of the SAFETEA-LU Technical Corrections Act of 2008's safe harbor provision on the state law overtime claims in this Action.  Those motions were pending when this Settlement was reached.

Stipulation for Class Certification

35.    The Parties stipulate and agree to the conditional certification of the Massachusetts Class for purposes of this Settlement only.  Should this Settlement not become final, such stipulation to class certification as part of the Settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.  Defendant expressly reserves its right to oppose class certification should this Settlement not become final.

Inadmissibility of Settlement Agreement

36.    Except for purposes of settling this Action pursuant to the terms of this Agreement, neither the Settlement, nor any of its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

> a.    Construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage; or
>
> b.    Disclosed, referred to or offered or received in evidence against any of the Parties, in any further proceeding in this Action, or any other civil, criminal or administrative action or proceeding except for purposes of settling this Action pursuant to the terms of this Agreement or enforcing the terms of this Agreement.

Investigation in the Class Action

37.    The Parties have conducted substantial investigation of the facts and law relevant to Plaintiff's claims and Defendant's defenses, including a detailed analysis of several years of time and payroll records, and the procedural and substantive aspects of applicable federal and

state law.  The Parties have researched and briefed numerous legal issues pertaining to liability in

this Action, some of which were pending at the time of this Settlement.  In doing so, counsel for

the Parties have investigated the applicable law as applied to the facts discovered regarding the

claims of the Plaintiff and the Class, any defenses thereto, and the damages claimed by the

Plaintiff and the Class.

Benefits of Settlement to the Settlement Beneficiaries

38.     Plaintiff has considered the expense and length of the proceedings that would be

necessary to continue the Action against the Defendant through trial.  Plaintiff has also taken into

account the uncertainty and risk of further litigation, and the difficulties and delays inherent in

such litigation, including the ability to collect any damages, including liquidated damages.

Based on the foregoing, Plaintiff has determined that the Settlement set forth in this Agreement

is fair, adequate and reasonable, and is in the best interests of the Settlement Beneficiaries.

Plaintiff's Claims

39.     Plaintiff has claimed and continues to claim that the Released Claims have merit

and give rise to Defendant's liability.  Should this Settlement not be finally approved by the

Court, neither this Agreement nor any documents referred to herein, nor any action taken to carry

out this Settlement is, or may be construed or used as, an admission by or against the Plaintiff as

to the merits or lack thereof of the claims asserted by the Plaintiff.

Defendant's Denial of Wrongdoing

40.     Defendant contends that all of its employees have been compensated in

compliance with the law, that their conduct was not willful with respect to any alleged failure to

pay any wages, and that they acted in good faith at all relevant times.  Defendant has denied and

continues to deny each of the claims alleged by the Plaintiff in the Action.  Defendant denies any

wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action and believes that it has valid defenses to the Plaintiff's claims.   Except for purposes of this Settlement, neither this Agreement, nor any document referred to herein, nor any action taken to carry out this Stipulation, may be in any way used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for the purposes of this Settlement would be appropriate in this or any other case.   In addition, Plaintiff's Counsel acknowledges that the Defendant has disclosed a significant amount of proprietary and financial information in order to reach this Settlement.   Any document, information, or correspondence that contains said information shall not be considered an admission, concession, or indication by or against the Defendant of any fault, wrongdoing, or liability whatsoever, as more fully set forth in this paragraph.

Releases by Settlement Beneficiaries

41.   All Settlement Beneficiaries stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Settlement Order and Judgment shall have, expressly waived and relinquished the Released Claims.

42.   All Settlement Beneficiaries agree not to sue or otherwise assert any of the Released Claims against Defendant.   The Settlement Awards shall be paid to the Settlement Beneficiaries, and any Incentive Award authorized by the Court shall be paid to Plaintiff, specifically in exchange for the release of the Defendant from the Released Claims and for the covenant not to sue concerning the Released Claims.   Even if Settlement Beneficiaries should hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, upon the Effective Date, they shall be deemed to have, and by operation of the Settlement Order and Judgment shall have, fully, finally

and forever settled and released such claims existing on or arising before June 6, 2008, whether such claims were known or unknown, suspected or unsuspected, contingent or noncontingent, or then existed or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery of or existence of such different or additional facts.

The Massachusetts Class Members and the FLSA Plaintiffs also shall be deemed to have, fully, finally, and forever settled and released all claims, demands, rights, liabilities, and causes of action to the extent permitted by law that existed between June 6, 2008 and Final Approval, based upon Defendant's representation that it has been and remains in compliance with all relevant federal and state laws pertaining to their employment of the Settlement Beneficiaries from June 6, 2008 to the present.

The Settlement Beneficiaries shall not be deemed to have fully, finally, and forever settled and releases all claims, demands, rights, liabilities, and causes of action that are currently pending in any other judicial or administrative proceeding.

Prior Releases

43.    No claim of any Settlement Beneficiary under this Settlement shall be barred or limited by reason of any release or waiver of any kind previously executed by him or her relating to compensation paid or allegedly owed to such Settlement Beneficiary by reason of any work performed during the Class Period.  Defendant believes that any such releases and/or waivers executed by its former employees are valid and enforceable, and Defendant's agreement as part of this Settlement to allow Settlement Beneficiaries who have previously released or waived claims against the Defendant to make a claim under this Settlement does not affect the validity of

any other release or waiver to which the Defendant is a party.  Nothing in this paragraph may otherwise be used in any way against the Defendant.

Settlement Payments by Defendant

44.  Defendant represents and warrants that the $845,000 that will become the Settlement Fund has been deposited into an account of Defendant's Counsel.  The $845,000 shall be held by Defendant's Counsel in said account until payment of that amount to the Settlement Administrator following Preliminary Approval.  Within three (3) business days following Preliminary Approval and in full settlement of the claims asserted in the Action, Defendant's Counsel will pay to the Settlement Administrator the $845,000.00 in its account, which the Settlement Administrator will deposit into the Settlement Fund.  The Settlement Fund in this Action has five components:  (1) the Settlement Awards; (2) such Incentive Award for the Plaintiff as the Court may allow; (3) such Fee Award to Plaintiff's Counsel as the Court may allow; (4) such reimbursements of Out-of-Pocket Costs of Plaintiff's Counsel and the Settlement Administrator as the Court may allow; and (5) such amounts as may be paid as a cy pres award pursuant to paragraph 63 or as otherwise ordered by the Court.

45.  No person shall have any claim against Defendant, Defendant's Counsel, Plaintiff, the Class Members, or Plaintiff's Counsel with respect to any payment made in accordance with this Agreement or as otherwise directed by the Court.

Creation and Operation of the Settlement Fund

46.  The Settlement Administrator shall hold the Settlement Fund in escrow until distribution as provided in the Settlement Order and Judgment.  The Settlement Fund shall be invested in instruments backed by the full faith and credit of the United States Government or an agency thereof or in money funds investing solely in short-term United States Government

obligations, and shall so reinvest the proceeds of those instruments as they mature.   The Settlement Fund shall remain the property of the Defendant until it is distributed in the manner provided in the Settlement Order and Judgment; provided, any tax liability arising out of interest earned by the Settlement Fund shall be considered an Out-of-Pocket Cost to be borne by the monies in the Settlement Fund.

<u>Notice/Approval of Settlement and Settlement Implementation</u>

47.   As part of this Settlement, the Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, certifying the Massachusetts Class, and notifying the FLSA Plaintiffs and the Massachusetts Class Members:

a.   Preliminary Settlement Hearing.   Counsel for the Parties shall jointly request a hearing before the Court to seek Preliminary Approval of the Settlement on the earliest practical date.   In advance of such hearing, the Parties will submit to the Court this Stipulation, together with the exhibits attached hereto, and any other documents necessary to implement the Settlement.

b.   Certification of the Massachusetts Class.   Simultaneous with the filing of the Stipulation and solely for purposes of this Settlement, Counsel for the Parties will request the Court to enter a Preliminary Approval Order, substantially in the form of Exhibit B attached hereto, preliminarily approving the proposed Settlement, certifying the Massachusetts Class, directing notice to the Massachusetts Class Members and the FLSA Plaintiffs of their opportunity to participate in, opt out of, and/or object to the Settlement, setting forth the Objection, Opt-Out and/or Participation Deadlines, and setting a date for the Final Approval Hearing.   The Preliminary Approval Order shall provide for notice of the Settlement and related

matters to be sent to the Massachusetts Class Members and the FLSA Plaintiffs as specified therein.

    c.   Notice.  Pursuant to the terms of the Preliminary Approval Order, the Settlement Administrator shall mail the Settlement Notice to the Massachusetts Class and the FLSA Plaintiffs.

48.    The Parties agree to the following procedures regarding notice of the Settlement to the Massachusetts Class and the FLSA Plaintiffs:

    a.   Within 10 days after entry of the Preliminary Approval Order, the Settlement Administrator shall send copies of the Settlement Notice approved by the Court in its Preliminary Approval Order to all Massachusetts Class Members and FLSA Plaintiffs, via First Class regular U.S. mail, using the most current mailing address presently available.  The Settlement Notice shall include instructions on how a Massachusetts Class Member or FLSA Plaintiff may object to the Settlement, the procedure for opting out of the Settlement, the procedure by which the Settlement Fund will be distributed, and the amounts to be sought as an Incentive Award, Out-of-Pocket Costs, and a Fee Award.  The Settlement Notice shall also include an insert for each FLSA Plaintiff and Massachusetts Class Member that lists their dates of employment and the state(s) they worked in during the Class Period, according to Defendant's records, and instructions on how to challenge any inaccuracies with respect to that information by contacting the Settlement Administrator.

    b.   Any Settlement Notices returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within

three (3) days following receipt of the returned mail.  If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address (for example, by using the Lexis-Nexis "Accurint" database), and shall promptly re-mail the Settlement Notices to any newly-found addresses.

    c.   If any person contacts any of the Parties or the Settlement Administrator before the Objection Deadline, claiming that he or she should have been sent a Settlement Notice and should be entitled to participate in the Settlement, that person shall be instructed by the Party or Settlement Administrator to submit the dispute in writing to the Settlement Administrator, together with any documents or other evidence in support of his or her position.  Counsel for the Parties shall be promptly notified of any dispute and given access to any documents or other evidence that any person submits in support of his or her position with respect to the dispute.  The Settlement Administrator shall then resolve the dispute.

Procedure for Objecting to the Settlement

49.    The Settlement Notice shall provide that Massachusetts Class Members or FLSA Plaintiffs who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement.  Such written statement and all supporting briefs or other materials must be filed with the Court and served on counsel for the Parties no later than the Objection Deadline.  No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of

objections and supporting materials are timely filed and served as set forth herein.  Persons who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  Persons who are not Massachusetts Class Members or FLSA Plaintiffs may not object to the Settlement.

Procedures for Opting Out of the Settlement (Massachusetts Class)

50.     The Settlement Notice shall provide that Massachusetts Class Members or FLSA Plaintiffs who wish to opt out of the Settlement shall send to the Settlement Administrator a written statement indicating that they do not wish to participate in the Settlement.  Such written statement must be mailed to the Settlement Administrator and postmarked by the Opt-Out Deadline, or, if transmitted by another medium, it must be received by the Settlement Administrator no later than the Opt-Out Deadline.  The Settlement Administrator shall provide copies of any opt-out request received to the Parties' Counsel within 10 days of receipt of such requests.  Persons who fail to provide such written statement in a timely manner will be permitted to opt-out only if they can demonstrate good cause for the delay to the satisfaction of the Parties.  If the Parties dispute whether good cause has been demonstrated, the dispute shall be resolved by the Court.

Calculation and Distribution of Settlement Awards

51.     The Parties agree that the calculation and distribution of Settlement Awards to the Plaintiff and the Settlement Beneficiaries as provided herein is reasonable and that the Settlement Awards are designed to fairly compensate such persons in relation to the unpaid compensation allegedly owed to the Settlement Beneficiaries.

52.     The Settlement Administrator shall calculate, and disburse from the Settlement

Fund, the amount of each Settlement Award in accordance with the methodology set forth in this Stipulation and any orders of the Court.

53.     The Settlement Awards to which each Settlement Beneficiary is entitled will be determined on a pro rata basis based on the number of workweeks that each such person worked for Defendant as a Cable Technician during the Class Period.  The Settlement Administrator will determine from the dates of employment, which Plaintiff's Counsel will provide from the information given them by Defendant, the number of workweeks worked by each Settlement Beneficiary during the Class Period as a Cable Technician.

54.     Each week worked by the FLSA Plaintiffs between August 10, 2005 and June 30, 2006 shall be counted as one workweek, except that each week worked by any FLSA Plaintiffs in Virginia and Florida during that period will not be counted in light of the safe harbor of the SAFETEA-LU Technical Corrections Act of 2008.  Each week worked by any FLSA Plaintiffs between July 1, 2006 and June 5, 2008, shall be counted as two workweeks for purposes of computing their Settlement Award.  Each week worked by the Massachusetts Class Members between August 10, 2005 and June 30, 2006, shall be counted as one workweek, while each week worked by such persons between July 1, 2006 and June 5, 2008, shall be counted as three workweeks, to account for the fact that the Massachusetts Class Members could have claimed higher damages under Massachusetts law at trial.  The Settlement Administrator will then divide the number of workweeks for each Settlement Beneficiary by the total number of workweeks for all Settlement Beneficiaries during the Class Period to determine what percentage of all workweeks were worked by each Settlement Beneficiary ("Percentage Share").  Each Settlement Beneficiary shall be entitled to a Settlement Award equal to his or her Percentage Share multiplied by the portion of the Settlement Fund remaining after payment of any Out-of-Pocket

17

Costs, Fee Award, and Incentive Award approved by the Court.

Settlement Beneficiaries' Share of Taxes

55.     It shall be the responsibility of the Settlement Administrator to withhold from the Settlement Awards payable to the Settlement Beneficiaries, each Settlement Beneficiary's share of all federal, state and local income and employment taxes required to be withheld under the law, to prepare and deliver the necessary tax documentation for signatures by all necessary parties, and to cause the appropriate deposits of withholding taxes and informational and other tax return filing to occur.

56.     Payments under this Stipulation shall be treated in the following manner:

    a.  One-half (1/2) of each Settlement Award shall be treated as wages for tax year 2009 ("Wage Damage Award"), and shall be reported on IRS Form W-2.

    b.   One-half (1/2) of each Settlement Award shall be treated as non-wage income for tax year 2009, and shall be reported on IRS Form 1099.

    c.  Any Incentive Payment authorized by the Court shall be treated as non-wage income for tax year 2009, and shall be reported on IRS Form 1099.

57.     Each Settlement Beneficiary's share of all applicable federal, state, and local income and employment taxes withheld and deposited with the applicable governmental authorities in accordance with this Stipulation ("Employee Taxes") shall be paid by the Settlement Administrator out of the respective Settlement Beneficiaries' Settlement Award.

58.     All fees, expenses and costs of the Settlement Administrator incurred in connection with the implementation of this Stipulation (including mailing and distribution costs) shall be paid out of the Settlement Fund as Out-of-Pocket Costs in the manner approved by the Court.

Reporting Obligations of the Settlement Administrator

59.     The Parties agree that the scope of the Settlement Administrator's duties shall include making timely, periodic reports to the Parties accounting for monies in the Settlement Fund (including all contributions, disbursements, and tax withholdings) and the participation status of Class Members.

Employer's Share of Statutory FICA, FUTA and State Withholdings

60.     In addition to the payments described above, Defendant shall bear responsibility for the employer's share of all taxes arising from Wage Damage Awards paid to the Settlement Beneficiaries ("Employer's Taxes").

Out-of-Pocket Costs, Fee Award, and Incentive Award

61.     Before computing the amounts of any Settlement Awards to be paid to Settlement Beneficiaries, any Fee Award, Incentive Award, and Out-of-Pocket Costs authorized by the Court shall be computed by Plaintiff's Counsel.  Plaintiff's Counsel will petition the Court to award amounts not exceeding the following:

   a.  Fee Award:  $281,666.66, payable to Shapiro Haber & Urmy LLP, 53 State Street, Boston, MA 02109.

   b.  Incentive Award:  $7,500.00 payable to Alberto Olmeda.

   c.  Out-of-Pocket Costs:   All reasonable expenses of Plaintiff's Counsel not to exceed $20,000, payable to Shapiro Haber & Urmy LLP, 53 State Street, Boston, MA 02109; and fees and expenses of the Settlement Administrator not to exceed $ 12,950.

62.     Defendant agrees that it will not object to the foregoing proposed Fee Award, Incentive Award, or Out-of-Pocket Costs.

Unclaimed Settlement Awards

63.     The Parties agree that, should the total of the Settlement Awards, Fee Award, Incentive Award, and Out-of-Pocket Costs be less than the amount of the Settlement Fund, any funds remaining in the Settlement Fund shall be paid as a cy pres award to the National Employment Law Project, 75 Maiden Lane, Suite 601, New York, NY 10038, a national workers' advocacy organization.

Questions and Disputes

64.     In the event that questions or disputes arise regarding the entitlements of the Plaintiff or any Settlement Beneficiary under this Stipulation, Defendant shall provide to Plaintiff's Counsel and/or the Court all available information reasonably necessary in order to allow the Parties or the Court to resolve them.

No Retaliation by Defendant

65.     Defendant shall not take any adverse employment action against the Plaintiff or any Class Member because any of them (a) instituted or in any way participated in this Action, or (b) elects or indicates an intention to object to or opt out of the Settlement memorialized in this Stipulation or any order entered by the Court approving its terms.

Defendant's Legal Fees

66.     All of Defendant's own legal fees, costs and expenses in this Action shall be borne by Defendant.

Final Settlement Approval Hearing & Entry of Settlement Order and Judgment

67.     Following the Objection, Opt-Out, and Participation Deadlines, the Parties will ask the Court to conduct a Final Approval Hearing to consider Final Approval of the Settlement. Upon Final Approval of the Settlement by the Court, at or after such hearing, the Parties shall

present the Settlement Order and Judgment to the Court for its approval and entry.

Procedure for Payment of Monies from Settlement Fund

68.     After the Effective Date, and solely for purposes of this Stipulation, the Settlement Awards shall be distributed in the following manner:

a.   Any Fee Award, Out-of-Pocket Costs, or Incentive Award authorized by the Court shall be paid from the Settlement Fund within 10 days following the Effective Date.

b.   Prior to the Effective Date, Plaintiffs' Counsel will provide the Settlement Administrator with a list setting forth the name, dates of employment and the state(s) worked in during the Class Period for each Settlement Beneficiary (from the information provided by Defendant), and the Settlement Administrator shall calculate the Settlement Award for each Settlement Beneficiary in conformity with paragraphs 53 and 54.

c.   Within ten (10) business days following the Effective Date, the Settlement Administrator shall provide counsel for the Parties with a list setting forth the amounts to be paid to each Settlement Beneficiary as calculated by the Settlement Administrator in conformity with paragraphs 53 and 54.  The Parties shall have five (5) business days within which to advise the Settlement Administrator of any questions or objections to said proposed payment amounts.

d.   Within five (5) business days after the expiration of said five-day period, the Settlement Administrator shall issue and mail Settlement Award checks in the amounts determined by it to each Settlement Beneficiary, less deductions authorized pursuant to paragraph 57 of this Stipulation.

e.  Settlement Award checks shall be mailed via First-Class U.S. mail, to the respective Settlement Beneficiaries using the most current mailing address then available.

f.  Checks paid to the Settlement Beneficiaries shall remain valid and negotiable for one hundred twenty (120) days from the date of their issuance and will thereafter automatically be cancelled if not negotiated within that time.  In such event, the Settlement Beneficiary's claim will be deemed null and void and of no further force and effect and the funds represented by such check shall be distributed pursuant to paragraph 63.

69.  If any disputes arise regarding eligibility for any Settlement Awards under the terms of this Agreement, the Parties shall use their best efforts to resolve them.  In the absence of such resolution, the Court shall resolve such disputes.

Administration Costs

70.  The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

Nullification of the Settlement Agreement

71.  In the event:  (i) the Court does not finally approve the Settlement as provided herein; (ii) the Court does not enter the Settlement Order and Judgment as provided herein which becomes final as a result of the occurrence of the Effective Date; or (iii) the Settlement does not become final for any other reason, this Stipulation shall be null and void *ab initio* and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by stipulation of the Parties.  In such case, the Parties shall be returned to their

respective statuses as of the date immediately prior to the execution of this Stipulation, and the Parties shall proceed in all respects as if this Stipulation had not been executed.  In the event an appeal is filed from the Settlement Order and Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

Notification and Certification by Settlement Administrator

72.     Following payment of the Settlement Awards, the Settlement Administrator shall provide a written certification of such payments to counsel for the Parties, which will thereafter be filed by Plaintiff's Counsel with the Court.

Computation of Time

73.     For the purposes of this Stipulation, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Fed. R. Civ. P. 6(a)(4)), such time period shall be continued to the following business day.

Exhibits and Headings

74.     This Stipulation includes both the terms set forth in this Agreement herein and the attached Exhibit A through Exhibit C, which are incorporated by reference as though fully set forth herein.  All exhibits to this Stipulation are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Stipulation are inserted for convenience of reference only and do not constitute a part of this Settlement.

Interim Stay of Proceedings

75.     The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

23

Amendment or Modification

76.     This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

Entire Agreement

77.     This Stipulation and the attached exhibits constitute the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.   All prior or contemporaneous negotiations, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.   Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Stipulation.

Authorization to Enter Into Settlement Agreement

78.     Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Stipulation and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Stipulation to effectuate its terms, and to execute any other documents required to effectuate the terms of this Stipulation.   The Parties agree that they and their counsel will cooperate with each other and to use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Settlement, the Parties shall seek the assistance of the Court to resolve such disagreement.

Binding on Successors and Assigns

79.     This Stipulation shall be binding upon, and inure to the benefit of the heirs, beneficiaries, successors or assigns of Plaintiff, Defendant, and the Settlement Beneficiaries.

Governing Law

80.     All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the Federal Rules of Civil Procedure, where applicable, or the laws of the Commonwealth of Massachusetts without regard to its principles of conflict of laws.

Counterparts

81.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

Cooperation and Drafting

82.     Each of the Parties has cooperated in the drafting and preparation of this Stipulation; hence the drafting of this Stipulation shall not be construed against any of the Parties.

Jurisdiction of the Court

83.     Any dispute regarding the interpretation or validity of or otherwise arising out of this Stipulation, or relating to the Action or the Released Claims, shall be subject to the exclusive jurisdiction of the Court.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

25

Invalidity of Any Provision

84.     The Parties request that before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

Plaintiff's Waiver of Right to Object

85.     By signing this Stipulation, the Plaintiff agrees to be bound by the terms herein and further agrees not to object to any of the terms of this Stipulation.  Any such objection shall therefore be void and of no force or effect.


**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Stipulation as of the date first set forth below.

**PLAINTIFF:**   /s/_____   Date: _____
Alberto Olmeda

**PLAINTIFF'S**
**COUNSEL:**   /s/ Adam M. Stewart_____   Date:   July 7, 2009
Thomas V. Urmy, Jr. (BBO# 506620)
Todd S. Heyman (BBO# 643804)
Adam M. Stewart (BBO# 661090)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone:  617-439-3939

/s/ Jeffrey S. Morneau_____   Date:   July 7, 2009
Jeffrey S. Morneau (BBO# 643668)
DONOHUE HYLAND & DONOHUE P.C.
1707 Northampton Street
Holyoke, MA 01014
Telephone:  413-536-1977

**DEFENDANT:**   /s/_____   Date: _____
AM Broadband LLC
By:

**DEFENDANT'S**
**COUNSEL:**   /s/ Paul H. Rothschild_____   Date:   July 7, 2009
Paul H. Rothschild (BBO# 431100)
Kevin V. Maltby (BBO# 652554)
BACON WILSON, P.C.
33 State Street
Springfield, MA 01103
Telephone:  413-781-0560

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Stipulation as of the date first set forth below.

PLAINTIFF:          /s/ _____        Date: _____
                    Alberto Olmeda

PLAINTIFF'S
COUNSEL:            /s/ _____        Date: _____
                    Thomas V. Urmy, Jr. (BBO# 506620)
                    Todd S. Heyman (BBO# 643804)
                    Adam M. Stewart (BBO# 661090)
                    SHAPIRO HABER & URMY LLP
                    53 State Street
                    Boston, MA 02109
                    Telephone: 617-439-3939

                    /s/ _____        Date: _____
                    Jeffrey S. Morneau (BBO# 643668)
                    DONOHUE HYLAND & DONOHUE P.C.
                    1707 Northampton Street
                    Holyoke, MA 01014
                    Telephone: 413-536-1977


DEFENDANT:          /s/ _____        Date: 7/7/09
                    AM Broadband LLC
                    By:  Member

DEFENDANT'S
COUNSEL:            /s/ _____        Date: _____
                    Paul H. Rothschild (BBO# 431100)
                    Kevin V. Maltby (BBO# 652554)
                    BACON WILSON, P.C.
                    33 State Street
                    Springfield, MA 01103
                    Telephone: 413-781-0560


27

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Stipulation as of the date first set forth below.

**PLAINTIFF:** /s/ _Alberto Olmeda_    Date: 7/7/09

Alberto Olmeda

**PLAINTIFF'S**
**COUNSEL:** /s/ _____    Date: _____

Thomas V. Urmy, Jr. (BBO# 506620)
Todd S. Heyman (BBO# 643804)
Adam M. Stewart (BBO# 661090)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: 617-439-3939

/s/ _____    Date: _____

Jeffrey S. Morneau (BBO# 643668)
DONOHUE HYLAND & DONOHUE P.C.
1707 Northampton Street
Holyoke, MA 01014
Telephone: 413-536-1977

**DEFENDANT:** /s/ _____    Date: _____

AM Broadband LLC
By:

**DEFENDANT'S**
**COUNSEL:** /s/ _____    Date: _____

Paul H. Rothschild (BBO# 431100)
Kevin V. Maltby (BBO# 652554)
BACON WILSON, P.C.
33 State Street
Springfield, MA 01103
Telephone: 413-781-0560

27

## Certificate of Service

 I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on July 7, 2009.


**/s/ Adam M. Stewart**_____
Adam M. Stewart