UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERTO OLMEDA, Individually and )<br>on Behalf of All Other Persons )<br>Similarly Situated, )<br>                        Plaintiff )<br>                              )<br>                  v.               )<br>                              )<br>AM BROADBAND, LLC, )<br>                       Defendant ) | Civil Action No. 06-30051-KPN |

<u>ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT</u>
October 14, 2009

NEIMAN, U.S.M.J.

      Plaintiff Alberto Olmeda and Defendant AM Broadband LLC have submitted their Stipulation and Settlement Agreement ("Settlement Agreement") to settle this class action, subject to the court's approval. The court granted preliminary approval of the settlement on July 15, 2009.

      In accordance with the preliminary approval order, the Massachusetts Class Members and FLSA Plaintiffs have been given notice of the terms of the Settlement Agreement and an opportunity to object to or opt out of the Settlement. No Settlement Beneficiaries have timely objected to the Settlement and no Settlement Beneficiaries have timely opted out of the Settlement.

      Having considered the proposed Settlement Agreement, the papers submitted by the parties in support of final approval of the Settlement, and the arguments of

counsel at the Final Approval Hearing held on October 14, 2009, the court hereby grants final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e) and enters judgment accordingly.

  IT IS HEREBY ORDERED AND ADJUDGED THAT:

  1. For the reasons set forth in the preliminary approval order and in the transcripts of the proceedings of the Preliminary Approval Hearing and the Final Approval hearing, which are adopted and incorporated herein by reference, this court finds that this Settlement shall be approved pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 21(b) (the "FLSA").

  2. For purposes of settlement and final approval of this Settlement, the court hereby makes final its earlier provisional certification of the Massachusetts Class, defined as: All persons who worked for AM Broadband LLC as a Cable Technician in Massachusetts during the period August 10, 2005 and June 5, 2008 (the "Massachusetts Class").

  3. For purposes of settlement and final approval of this Settlement, the court finds that this Settlement shall be approved under the FLSA on behalf of all persons who worked for AM Broadband LLC as a Cable Technician during the period August 10, 2005 and June 5, 2008, and who filed a Consent to act as Opt-In Plaintiff in this Action (the "FLSA Plaintiffs").

  4. The Settlement Notice fully and accurately informed the Massachusetts Class and the FLSA Plaintiffs of all material elements of the proposed Settlement and of their opportunity to object to or opt out of the Settlement. The Settlement Notice was

the best notice practicable under the circumstances; was valid, due, and sufficient notice to all such persons; and complied fully with the Federal Rules of Civil Procedure, the FLSA, due process, and other applicable law. A full opportunity has been afforded to all such persons to participate in the Final Approval Hearing.

5.  The Court has reviewed the Settlement Agreement and finds that it is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to liability and damages and the difficulty and delays inherent in such litigation. The court finds that extensive informal and formal discovery, investigation and research have been conducted such that counsel for all parties are able reasonably to evaluate their respective positions. The court finds that the Settlement has been reached after intensive, serious, and non-collusive arm's-length negotiations as evidenced by, among other things, a mediation with Magistrate Judge Timothy S. Hillman on April 27, 2009.

6.  The court hereby grants final approval to the Settlement and finds it fair, reasonable, and adequate, and in the best interests of the Massachusetts Class and the FLSA Plaintiffs. Accordingly, the court hereby directs that the Settlement be effected in accordance with the Settlement Agreement and the following terms and conditions.

7.  All Massachusetts Class Members and FLSA Plaintiffs who negotiate the checks sent to them by the Settlement Administrator as Settlement Awards within 120 days following issuance of such checks by the Settlement Administrator shall be deemed to have irrevocably released all of the Released Claims described in the

Settlement Agreement.

8.  The court finds that payment of additional compensation to the Plaintiff in the amount of $7,500 as an Incentive Award is fair and reasonable in light of the benefits he has provided to the Massachusetts Class, the FLSA Plaintiffs and Plaintiff's counsel.  Payment of such amount to the Plaintiff is hereby ordered.

9.  The court awards to Plaintiff's counsel attorneys' fees in the amount of $281,666.66, constituting 33⅓% of the total Settlement Fund, plus costs of $20,000, for all past and remaining work until completion of this matter.  Such awards, which are to be paid out of the Settlement Fund, are made in accordance with the terms of the Settlement Agreement and are fair and reasonable under the circumstances.  In ordering this award of attorneys' fees and costs, the court has considered the following factors:  (a) the contingent nature of this action; (b) the experience, reputation, and ability of Plaintiff's counsel and the skill they displayed in this litigation; (c) the amount of time expended by counsel and the average (as distinct from the claimed) hourly rates; (d) the results achieved under the Settlement; and (e) the preclusion of other employment.

10.  In accordance with the Settlement Agreement, the funds represented by any checks for Settlement Awards sent to Massachusetts Class Members or FLSA Plaintiffs by the Settlement Administrator which have not been negotiated after one-hundred twenty (120) days following the date on which they are issued shall be paid to the National Employment Law Project, 75 Maiden Lane, Suite 601, New York, NY 10038, as a *cy pres* award.  Such payment shall be made sixty (60) business days

following the expiration of the 120-day period referred to in this paragraph.

11. Within thirty (30) days after payment in full of all amounts awarded in this Order and Judgment, the Settlement Administrator shall provide to Plaintiff's counsel a certification that it has complied fully with its obligations hereunder. Plaintiff's counsel then shall forthwith file said certification with the court. Upon receipt of such certification, if no further action by the court is required, the court shall dismiss the case with prejudice.

12. Without affecting the finality of this Final Order and Judgment, the court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms and the orders of this court for the mutual benefit of the Parties. Having found that said Settlement is fair and reasonable, the court, in the interest of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and thereby decrees that, upon entry, it be deemed a final judgment finally dismissing the Action subject to its terms.

DATED: October 14, 2009

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge